UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JULIAN ANDERSON,

    Plaintiff,

v.                                                             Case No.: 5:22-cv-692-SPC-PRL

GARY VENUTO, GERMAN HERRERA, STEPHENS CLEMENT, and D. JONES,

    Defendants.

_____/

## OPINION AND ORDER[1]

Plaintiff Julian Anderson, a federal inmate proceeding *pro se*, filed an Amended Complaint alleging deliberate indifference to his medical needs, pursuant to *Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1). Plaintiff was previously granted leave to proceed *in forma pauperis*. (Doc. 7). A prior Order dismissed Plaintiff's initial Complaint without prejudice because Plaintiff failed to state a viable cause of action under *Bivens*. (Doc. 8).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Plaintiff sues four staffers at USP Coleman II: Gary Venuto, M.D.; German Herrera, PA-C; Associate Warden Stephens Clement; and Case Manager D. Jones, each in their official capacity. In his Amended Complaint, Plaintiff states that he received the Moderna COVID-19 vaccine on January 25, 2021. (Doc. 9 at 12). On January 27, 2021, Plaintiff reported a severe allergic reaction to the vaccine, but he did not receive medical treatment until February 1, 2021. (*Id.* at 12-13). On February 1, 2021, Plaintiff was seen by Dr. Venuto and was given an injection of Benadryl and a dose of steroids. (*Id.* at 14). Plaintiff did not receive further medical care until March 1, 2021, when he complained to prison staff of his increasing pain and was ultimately taken to a hospital. (*Id.* at 15-17).

Plaintiff's Amended Complaint is currently before the Court for screening pursuant to the Prison Litigation Reform Act (PLRA), which directs the Court dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915A. The Court must liberally construe a pro se plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

In order to state a *Bivens* claim against a federal official in their individual capacity, a plaintiff must allege that: (1) a federal official acting

under color of federal law; (2) deprived him of a right secured by the United States Constitution. *Bivens*, 403 U.S. at 388. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. *See also Carlson v. Green*, 446 U.S. 14 (1980) (extending *Bivens* to deliberate indifference claims under the Eighth Amendment's Cruel and Unusual Punishment Clause). "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

### I.  Medical Providers

Plaintiff asserts that PA Herrera failed to immediately see him following a January 27, 2021 alert from other prison staff about Plaintiff's allergic reaction and need for medical treatment. (Doc. 9 at 12). Instead, PA Herrera indicated that Plaintiff would be seen during a callout on a later date, but the callout never happened. Therefore, Plaintiff contends his condition worsened because of PA Herrera's inaction. (*Id.*).

As for Dr. Venuto, Plaintiff alleges that he was seen by PA Herrera and Dr. Venuto on February 1, 2021, after prison staff alerted the medical department about Plaintiff's emergent medical need. (*Id.* at 13). Plaintiff

3

states, "At that point Dr. Venuto looked at me and said the reaction was due to eczema. To which I told the [doctor] that eczema does not cause the symptoms I was suffering from. I requested a second opinion and hospitalization. Dr. Venuto denied hospitalization." (*Id.* at 14). Plaintiff "was given an injection of Benadryl and of steroids." (*Id.*).

Plaintiff has failed to state a claim of deliberate indifference to his medical needs by PA Herrera or Dr. Venuto; at most he has alleged negligence or medical malpractice. "[T]he deliberate indifference standard . . . is far more onerous than normal tort-based standards of conduct sounding in negligence, and is in fact akin to subjective recklessness as used in the criminal law." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quotations omitted). As a result, medical treatment violates the Eighth Amendment "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (quotations omitted). On the one hand, "[w]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). But, on the other hand, evidence of negligence "in diagnosing or treating a medical condition" or a showing of medical malpractice does not establish deliberate indifference. *Estelle*, 429 U.S. at 106. This means that "[w]here a prisoner has received some medical

4

attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Hoffer*, 973 F.3d at 1272 (quotations omitted).

Plaintiff alleges no facts suggesting PA Herrera intentionally ignored his medical condition when Plaintiff was not seen immediately upon PA Herrera's learning of Plaintiff's allergic reaction or for a subsequent callout encounter. *See, e.g., Waters v. Coleman Med. Dep't*, No. 5:20-cv-241-BJD-PRL, 2020 WL 2933070, at *3 (M.D. Fla. June 3, 2020) ("Plaintiff's assertion that Defendant Miranda forgot about his need for medical attention speaks to negligence. Plaintiff alleges no facts suggesting Defendant Miranda intentionally ignored Plaintiff's medical condition with a state of mind constituting deliberate indifference as that phrase is interpreted under Eighth Amendment jurisprudence."). Deliberate indifference is not about "inadvertence or error in good faith," but rather about "obduracy and wantonness"—a deliberate refusal to provide aid despite knowledge of a substantial risk of serious harm. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

As for Dr. Venuto, who treated Plaintiff and prescribed medication, Plaintiff's claim is simply one of dissatisfaction with the treatment he received, which at most suggests negligence or medical malpractice. However, a mere difference in medical opinion between the inmate and the

5

care provider does not constitute deliberate indifference, nor does "[m]ere medical malpractice." *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Accordingly, as Plaintiff has failed to state a claim, the claims against PA Herrera and Dr. Venuto are dismissed.

## II.   Prison Staff

Plaintiff alleges that on March 1, 2021, he complained to Associate Warden Clement about the lack of medical care he received and the worsening pain he was experiencing. (Doc. 9 at 15-16). Plaintiff states he was directed to file an administrative request and follow the administrative process. (*Id.*). Plaintiff complains that Associate Warden Clement "had an absolute duty to meaningfully address [Plaintiff's] emergency." (*Id.* at 16). As for Case Manager Jones, Plaintiff alleges only that Case Manager Jones "willfully disregarded an obvious severe, emergency medical need." (*Id.*).

As with his initial Complaint, Plaintiff fails to allege facts that show deliberate indifference to his serious medical need by Associate Warden Clement or Case Manager Jones. Accepting as true that Plaintiff informed Associate Warden Clement and Case Manager Jones of his desire for emergency help, he does not allege that they were medical providers or could have provided him medical care. Plaintiff's subjective belief that he should have been hospitalized or that a layperson would see he needed help does not permit the reasonable inference that Associate Warden Clement or Case

6

Manager Jones had subjective knowledge of a serious medical need that, "if left unattended, [would pose] a substantial risk of serious harm" to Plaintiff. *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (quoting in part *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The failure to appreciate the gravity of Plaintiff's medical condition by Associate Warden Clement and Case Manager Jones does not suggest deliberate indifference. *See Farmer*, 511 U.S. at 838 ("[T]he failure to alleviate a significant risk that an official should have perceived but did not, while no cause for commendation, cannot be condemned as the infliction of punishment."). Any such failure by Associate Warden Clement or Case Manager Jones would amount to negligence and does not satisfy the stringent deliberate indifference standard. Thus, Plaintiff's individual-capacity claims against Associate Warden Clement and Case Manager Jones are also due to be dismissed.

Accordingly, it is

**ORDERED:**

1. Julian Anderson's Amended Complaint (Doc. 9) is **DISMISSED without prejudice** under 28 U.S.C. § 1915A.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of June 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies:   All Parties of Record